UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS JENSEN,<br><br>  Plaintiff,<br><br>v.<br><br>ADAM BRENDEL, *et al.,*<br><br>  Defendants. | 3:16-cv-00407-MMD-CBC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Thomas Jensen ("Jensen") against Defendants Adam Brendel, Sergeant Miller, James Buchanan and Timothy Howard (collectively referred to as "Defendants"). Before the Court is Defendants' motion for summary judgment. (ECF No. 35.) Jensen opposed the motion (ECF No. 37), and Defendants' replied. (ECF No. 43.) Having thoroughly reviewed the record and papers, the Court hereby recommends Defendants' motion for summary judgment be granted.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

   **A.    Procedural History**

Jensen is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. (ECF No. 6.) Proceeding *pro se*, Jensen filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging various claims against Defendants. (*Id.*)  Pursuant to 28 U.S.C. § 1915A(a), the Court screened Jensen's first amended

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1 complaint on March 12, 2018. (ECF No. 9.) The Court permitted Jensen to proceed on
2 Counts I-V in the first amended complaint ("FAC") against Defendants. (ECF Nos. 6, 9.)

### B. Background

This case arises from an incident in culinary between Jensen and another inmate while incarcerated in the Nevada Department of Corrections ("NDOC"). During the incident, Jensen alleges he was assaulted by another inmate. (ECF No. 6 at 3, 5.) Subsequently, Jensen alleges Brendel threatened him with retaliation should he report the assault to the culinary sergeant. (*Id.*)

A few days later the culinary sergeant called Jensen in to discuss the incident. (*Id.*) Jensen alleges that upon learning of this discussion, Brendel threatened him with disciplinary action and/or a transfer to a maximum security prison as pay back. (*Id.*) Brendel and Miller then took Jensen into an office where they surrounded him and reiterated the threat of disciplinary action. (*Id.*) Jensen alleges Miller suspended him from culinary in retaliation for reporting the incident and threatened him if he filed a grievance. (*Id.*)

Three days after Jensen resubmitted his complaint to the NDOC Director, Jensen alleges Howard woke him up at 11:00pm, took him to the supply room, and handed him a notice of charges from Brendel, which had been filed in retaliation. (*Id.*) The next day, Howard handed Jensen another copy of the charges and a disposition summary. Jensen alleges the date of service was changed to an earlier date and when he questioned this, Jensen alleges Howard told him it was because regulations required him to serve the notice within 10 days of the incident or prison officials could dismiss the charges. (*Id.*) Howard stated the dates were back dated in order to bring disciplinary action against Jensen and teach him a lesson. (*Id.*) Jensen alleges the actions of Brendel, Miller, and Howard violated his First Amendment rights to be free from retaliation and to access the courts.

Later on, Jensen spoke to Buchanan about the threats and asked him to report Jensen's complaint to the warden, but Buchanan refused. (*Id.*) Jensen alleges

2

Buchanan's refusal violated his right to access the courts. Furthermore, Jensen alleges Buchanan conspired with Brendel, Miller and Howard to deprive him of equal protection of the laws.

Ultimately, Jensen's disciplinary hearing was held on July 12, 2016. (ECF No. 35 at Ex. A.) At the hearing Howard sanctioned Jensen to 60 days of employment loss and lost pay, as well as 180 Days of probation and added points to Jensen's level. (ECF No. 6 at 4.) Jensen alleges Howard violated his Fourteenth Amendment right to procedural due process because Howard did not permit Jensen to have witnesses or present security footage as evidence. (*Id.*)

### C. Defendants' Motion for Summary Judgment

On May 10, 2019, Defendants filed a motion for summary judgment. (ECF No. 35.) In the motion, Defendants argue: (1) Jensen failed to exhaust his administrative remedies; (2) Defendants did not violate Jensen's procedural due process rights because he acknowledged the charges against him and waived his right to call witnesses, and he had no protected liberty interest; (3) there is no evidence showing retaliation; (4) there is no evidence Defendants conspired to violate Jensen's constitutional rights as no such rights were violated; and, (5) Defendants are entitled to qualified immunity. (*Id.*)

In response, Jensen argues summary judgment is inappropriate because: (1) administrative remedies were effectively unavailable to him due to Defendants' threats of retaliation; (2) his procedural due process rights were violated because Defendants knew the charges were false, therefore the disciplinary findings were not supported by "some evidence"; (3) the evidence shows Brendel retaliated against him because another officer's report contradicts Brendel's report of the incident in culinary; (4) he can prove Defendants conspired to violate his constitutional rights because Defendants acted outside their official duties; and, (5) qualified immunity is inappropriate because well established case law would have put Defendants on notice. (ECF No. 37.)

In reply, Defendants reiterate their prior arguments. (ECF No. 43.)

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences

arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**III.   DISCUSSION**

   **A.   Exhaustion**

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies before filing "any suit challenging prison conditions." 42 U.S.C. § 1997e(a). A threat of retaliation may render the prison grievance system effectively unavailable and excuse a prisoner's failure to exhaust administrative remedies. *McBride v. Lopez*, 807 F.3d 982, 984, 987-88 (9th Cir. 2015). To avoid the

exhaustion bar on the grounds of fear of retaliation, a prisoner must show both a subjective and objective basis for that fear. *Id.* To meet the subjective prong, the prisoner must "provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance" and he was actually deterred from filing a grievance. *Id.* at 987-88. To meet the objective prong, "there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Id.* at 987.

Jensen averred he "was unable to use the grievance process in filing against [D]efendants" due to the "threats and intimidation" he faced from Defendants. (ECF No. 37 at Ex. A.) This sworn statement satisfies Jensen's burden as to the subjective prong.

Jensen did not, however, present sufficient evidence to create a genuine dispute of material fact as to the objective prong. Jensen makes the general assertion that he was threatened with retaliatory action should he file a grievance, however, he does not provide specific facts regarding the statements or retaliatory conduct he feared. (ECF Nos. 6, 37.) Although the Defendants' statements may have seemed threatening to Jensen, the Court cannot assess whether a reasonably objective prisoner would have understood the Defendants intended to retaliate for filing a grievance. Nor can the Court assess whether the statements themselves referenced the grievance process.

Moreover, the evidence in the record related to Jensen's own conduct undercuts the notion that a reasonable inmate would have been deterred from filing a grievance. In a subsequent grievance, Jensen cautions NDOC officials to "be very careful," because the disciplinary infraction at issue was "claimed in a false manner" and is before the Court. (ECF No. 35 at Ex. D.) Jensen goes on to state, "Brendel tried to cover [the matter at issue in the present action] up by fabricating charges against me."

(*Id.*) Furthermore, Jensen has filed numerous grievances since this incident alleging retaliation by NDOC officials, including some against Defendants, and has spoken with Associate Warden Schreckengost about the matter. (ECF No. 35 at Exs. C, I.)

In sum, the evidence demonstrates administrative remedies were available to Jensen, but he failed to exhaust those available remedies prior to filing suit as required by the PLRA. Therefore, the Defendants' Motion for Summary Judgment (ECF No. 35) should be granted.

## IV. OTHER PENDING MOTIONS

In light of this Report and Recommendation dismissing all of Jensen's claims against Defendants, Jensen's motions for a temporary restraining order (ECF No. 29) and preliminary injunction (ECF No. 30) are moot, and the Court recommends they be denied on that basis.

## V. CONCLUSION

Based upon the foregoing, the Court recommends Defendants' motion for summary judgment (ECF No. 35) be granted. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 35) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for a temporary restraining order (ECF No. 29) is **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for preliminary injunction (ECF No. 30) is **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**:  August 16, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**